The opinion of the Court was delivered by
JOHNSTON, Ch.
We are perfectly satisfied that the Chancellor should have granted relief to the plaintiff, under the circumstances stated in his decree: but we do not entirely concur in the measure of relief decreed by him.
It is perfectly manifest, that the decree held by the plaintiff as executor, was not satisfied by the security taken by him from Doctor Paulling.
If ho who holds a demand for money, receives in satisfaction a horse or a picture, or any other specific chattel, this amounts to payment, and is as effectual a satisfaction as if the whole demand were paid in money.
And if ho accepts in payment another security of higher grade, the demand which ho holds is extinguished and satisfied.
But it is plain that satisfaction in this case has accrued in neither of these ways.
The receipt for money given by the plaintiff, is not conclusive where it is made to appear that no money was paid. The receipt is nothing more than the admission of the party: and if it had been proved in this caso that lie had admitted he had received the amount of his decree in money, he might still prove, as he has dono here, that the fact was otherwise: and that he had received Mo money.
This demand, under the decree, can be extinguished only by payment or a release; or by proof of a contract equivalent to a release.
When the circumstances of this case are investigated, it is palpable that the plaintiff intended to give up his decree upon receiving a verbal lien on the negroes.
*321 The lien which he did receive was one which Paulling, the husband, was incapable of creating : for, by the very terms of the will, the negroes were the sole property of Mrs. Paulling, and not subject to the disposition of her husband. A plainer case of mistake is seldom presented.
But we think the contract between Paulling and the plaintiff is so far to be respected, that the plaintiff is not entitled to collect the money before the expiration of the indulgence he stipulated to give.
Neither is the administrator of Paulling bound to account for the hire of the negroes. They constitute no part of the estate of his intestate ; and he is not responsible for them hire; I mean he is not responsible to the plaintiff, but to Mrs. Paulling, the owner of the property, if he received the hire.
The contract between the parties should be enforced, as far as it can be : and the plaintiff is then entitled to fall back upon his decree, at the expiration of the credit he has engaged to give, and enforce it; so far as he may need the benefit of it.
It is decreed that the administrator of Doctor Paulling, do come to an account for the estate of his intestate, and pay to the plaintiff, on the 1st of January, 1854, upon his demand, the due proportion thereof, to which he is entitled, in the due course of administration; and that after the 1st day of January, 1854, the plaintiff be allowed to enforce his decree, referred to by the Chancellor, for whatever balance may remain due him.
As the Court has not the pleadings before it, it will not undertake to decide how far Paulling’s administrator may be entitled to claim whatever amount his estate may be obliged to pay, against the wife, for the benefit of whose separate estate his contract appears to have been made. The Court, therefore, reserves that point.
Let the case be remanded to the Circuit Court, for further proceedings under the decree as now modified.
It is also ordered that the decree be modified by directing the-costs, so far as they cannot be made out of Paulling’s estate, be-paid by the defendant, Mrs. Paulling.
*322 Ordered that the decree, in all respects except as above modified, be affirmed.
DuNKiN and DargaN, CC. concurred.
Wardlaw, Oh. absent at the hearing.

Decree modified.